**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANDREW MONAGHAN,                   )   NO. CV 09-5698-DOC(E)
                                   )
              Plaintiff,           )
                                   )
      v.                           )   MEMORANDUM AND ORDER DISMISSING
                                   )
SHERIFF OFFICER KYLE,              )   COMPLAINT WITH LEAVE TO AMEND
et al.,                            )
                                   )
              Defendant.           )
_____ )

**PROCEEDINGS**

     Plaintiff, proceeding pro se, paid the filing fee and filed a
Complaint on August 4, 2009.  The Complaint purports to assert civil
rights claims against Officer Stone and Officer "Kyle," who reportedly
are or were Los Angeles County Sheriff's Deputies.  On August 20,
2009, Defendant Ricky Kyles filed a Motion to Dismiss the Complaint
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
("Motion").  On August 20, 2009, the Magistrate Judge issued a Minute
Order requiring Plaintiff to file a response to the Motion within
thirty (30) days of the date of the Order.

1    On September 4, 2009, Plaintiff filed a document titled "Re-Open
2  Mr. Phil Spectors Case No. XCN BA 255233 knowingly Defendants removed
3  Plaintiff from access to the Jury deliberatly [sic]."  This document
4  did not appear to constitute a response to the Motion.  On
5  September 23, 2009, the Magistrate Judge issued a Report and
6  Recommendation, recommending dismissal of the action without prejudice
7  for failure to prosecute.  On October 7, 2009, Plaintiff filed a
8  "(Response): Re open Phil Spectors case XCN BA 255233, etc.,"
9  indicating that Plaintiff intended his September 4, 2009 document to
10 constitute a response to the Motion.  On October 8, 2009, the
11 Magistrate Judge issued a Minute Order withdrawing the Report and
12 Recommendation.

14                          **PLAINTIFF'S ALLEGATIONS**

16    Although the Complaint is confusing and partially unintelligible,
17 one aspect of the Complaint is clear.  Plaintiff alleges that
18 Defendants prevented Plaintiff from giving testimony in the criminal
19 trial of Phil Spector, which testimony Plaintiff alleges would have
20 demonstrated Spector's supposed innocence of the murder of Lana
21 Clarkson.  Plaintiff alleges that he was attending a party at
22 Spector's house on the day of the shooting, that Plaintiff was inside
23 a bathroom at the time the gun discharged, and that the "purple hair
24 girl," not Spector, shot Clarkson (Complaint, pp. 3-6).[1]  Plaintiff
25 alleges he was unable to attend Spector's first trial due to
26 Plaintiff's incarceration (Complaint, p. 6).  Plaintiff alleges that,

27 ─────────────────
28        [1]    Although the Complaint is not paginated, the Court has
   supplied sequential page numbers.

apparently during Spector's retrial, Defendants assertedly obstructed justice by refusing to allow Plaintiff to testify and by removing Plaintiff from the courtroom (Complaint, pp. 2-4).  Plaintiff alleges that Defendant Kyles "not only badgered but pestered, harrassed [sic] and disturbed me and again tossed me out of the entire building at 210 temple street" (Complaint, p. 3).  Kyles allegedly ordered Plaintiff out of the court on "3-27-9" (Complaint, p. 6).  On "4-1-9" a Superior Court clerk in Courtroom 106 allegedly stated: "Courts [sic] didn't want any disturbance["] (Complaint, p. 6).

Plaintiff alleges that Defendants should be required to serve five years in federal prison and to pay a fine (Complaint, pp. 2-4). Plaintiff also alleges that everyone involved in the alleged conspiracy against Spector "deserves 25 years to life with-out parole" (Complaint, p. 4).  Plaintiff requests an order dismissing the criminal proceeding against Spector and releasing Spector from state custody (Complaint, p. 5).

**DISCUSSION**

To the extent Plaintiff seeks the invalidation of Phil Spector's conviction, or otherwise seeks to assert Mr. Spector's rights, this court lacks jurisdiction over Plaintiff's claims. "Article III of the Constitution confines the jurisdiction of the federal courts to actual Cases and Controversies, and . . . the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." Clinton v. City of New York, 524 U.S. 417, 429-30 (1998) (citation, internal quotations and footnote omitted).  To show

1    standing, Plaintiff must allege, and prove, that he suffered "an

2    injury in fact, -- a harm suffered by the plaintiff that is concrete

3    and actual or imminent, not conjectural or hypothetical." Steel Co.

4    v. Citizens for a Better Environment, 523 U.S. 83, 102-03 (1998)

5    (citation, footnote and internal quotations omitted). "[T]he 'injury

6    in fact' test requires more than an injury to a cognizable interest.

7    It requires that the party seeking review be himself among the

8    injured." Lujan v. Defenders of Wildlife, 504 U.S. 555, 563 (1992)

9    (citation and internal quotations omitted). "No plaintiff has

10   standing to complain simply that their Government is violating the

11   law." Cato v. United States, 70 F.3d 1103, 1109 (9th Cir. 1995)

12   (citation and internal quotations omitted). "No litigant in the

13   federal courts may appear as a self designated ombudsman for the

14   rights of others." La Farque v. Supreme Court of Louisiana, 634 F.2d

15   315, 315 (5th Cir.), cert. denied, 452 U.S. 939 (1981).

16

17       Furthermore, Plaintiff may not seek an order requiring the

18   prosecution, incarceration or punishment of another person. "In our

19   criminal justice system, the Government retains 'broad discretion' as

20   to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607

21   (1985). "[A] private citizen lacks a judicially cognizable interest

22   in the prosecution or nonprosecution of another." Linda R. S. v.

23   Richard D., 410 U.S. 614, 619 (1973).

24

25       Plaintiff's conclusory allegations that Kyles "badgered" and

26   "harassed" Plaintiff are insufficient to state a claim. See Ashcroft

27   v. Iqbal, 129 S. Ct. 1937 (2009) (plaintiff must plead facts that

28   plausibly suggest an entitlement to relief); Ivey v. Board of Regents

1  of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory

2  allegations are insufficient to state a civil rights claim).  To the

3  extent Plaintiff contends Kyles violated Plaintiff's constitutional

4  rights by subjecting Plaintiff to verbal harassment, the Complaint is

5  also insufficient to state a claim.  Verbal harassment does not

6  violate the Constitution.  See Keenan v. Hall, 83 F.3d 1083, 1092 (9th

7  Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998); Oltarzewski v.

8  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

9

10                        CONCLUSION AND ORDER

11

12      Defendant's Motion to Dismiss is granted.  The Complaint is

13  dismissed with leave to amend.  If Plaintiff still wishes to pursue

14  this action, he is granted thirty (30) days from the date of this

15  Memorandum and Order within which to file a First Amended Complaint.

16  The First Amended Complaint shall be complete in itself.  It shall not

17  refer in any manner to any prior complaint.  Plaintiff may not add

18  Defendants without leave of court.  See Fed. R. Civ. P. 21.  Failure

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 | to file timely a First Amended Complaint may result in the dismissal
2 | of this action.

3 |

4 |      IT IS SO ORDERED.

5 |

6 | October 19, 2009      _____
7 |                              DAVID O. CARTER
                          UNITED STATES DISTRICT JUDGE

8 |

9 |

10 | PRESENTED this 8th day of

11 | October, 2009, by

12 |

13 | _____/S/_____
14 |        CHARLES F. EICK
     UNITED STATES MAGISTRATE JUDGE