FILED
CLERK, U.S. DISTRICT COURT

FEB - 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW MONAGHAN, | ) | NO. CV 09-5698-DOC(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ADOPTING FINDINGS, |
| | ) | |
| SHERIFF OFFICER KYLE, et al., | ) | CONCLUSIONS AND RECOMMENDATIONS |
| | ) | |
| Defendants. | ) | OF UNITED STATES MAGISTRATE JUDGE |
| | ) | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended Complaint, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation of the Magistrate Judge is approved and adopted; (2) the First Amended Complaint is dismissed without leave to amend as against all Defendants; and (3) the entire action is dismissed without prejudice.

///

1      IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of

2 this Order and the Judgment of this date on Plaintiff and all counsel

3 of record.

4

5        DATED:   Jan. 25, 2010       .

6

7                  David O. Carter

                           DAVID O. CARTER

8                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  ANDREW MONAGHAN,              )    NO. CV 09-5698-DOC(E)
                                  )
12              Plaintiff,        )
                                  )
13      v.                        )    REPORT AND RECOMMENDATION OF
                                  )
14  SHERIFF OFFICER KYLE, et al., )    UNITED STATES MAGISTRATE JUDGE
                                  )
15              Defendant.        )
                                  )
16  _____)

17

18      This Report and Recommendation is submitted to the Honorable

19  David O. Carter, United States District Judge, pursuant to 28 U.S.C.

20  section 636 and General Order 05-07 of the United States District

21  Court for the Central District of California.

22

23                       PROCEEDINGS

24

25      Plaintiff, proceeding pro se, paid the filing fee and filed a

26  Complaint on August 4, 2009.  The Complaint purported to assert civil

27  rights claims against Officer Stone and Officer "Kyle," who reportedly

28  are or were Los Angeles County Sheriff's Deputies.  On August 20,

2009, Defendant Ricky Kyles filed a motion to dismiss.  On September 4, 2009, Plaintiff filed a document titled "Re-Open Mr. Phil Spectors Case No. XCN BA 255233 knowingly Defendants removed Plaintiff from access to the Jury deliberatly [sic]."  This document did not appear to constitute a response to the motion to dismiss.

On September 23, 2009, the Magistrate Judge issued a Report and Recommendation, recommending dismissal of the action without prejudice for failure to prosecute.  On October 7, 2009, Plaintiff filed a "(Response): Re open Phil Spectors case XCN BA 255233, etc.," indicating that Plaintiff intended his September 4, 2009 document to constitute a response to the motion to dismiss.  On October 8, 2009, the Magistrate Judge issued a Minute Order withdrawing the Report and Recommendation.

On October 21, 2009, the Court issued a "Memorandum and Order Dismissing Complaint With Leave to Amend."  On November 5, 2009, Plaintiff filed a First Amended Complaint.

On November 16, 2009, Defendant Ricky Kyles filed a "Motion to Dismiss First Amended Complaint" ("Motion to Dismiss").  On November 16, 2009, the Court issued a Minute Order requiring Plaintiff to file opposition to the Motion to Dismiss on or before December 18, 2009.  On December 15, 2009, Plaintiff filed a document titled "Order for Grand Jury investigation on Allen Jackson not William Stone for wrongful prosecution."  Plaintiff otherwise has not filed any opposition to the Motion to Dismiss.

///

**PLAINTIFF'S ALLEGATIONS**

I.    **The Original Complaint**

    The original Complaint alleged that Defendants prevented Plaintiff from giving testimony in the criminal trial of Phil Spector, which testimony Plaintiff alleges would have demonstrated Spector's asserted innocence of the murder of Lana Clarkson.  Plaintiff alleged that he was attending a party at Spector's house on the day of the shooting, that Plaintiff was inside a bathroom at the time the gun discharged, and that the "purple hair girl," not Spector, shot Clarkson (Complaint, pp. 3-6).  Plaintiff alleged he was unable to attend Spector's first trial due to Plaintiff's incarceration (Complaint, p. 6).  Plaintiff alleged that, apparently during Spector's retrial, Defendants assertedly obstructed justice by refusing to allow Plaintiff to testify and by removing Plaintiff from the courtroom (Complaint, pp. 2-4).  Plaintiff alleged that Defendant Kyles "not only badgered but pestered, harrassed [sic] and disturbed me and again tossed me out of the entire building at 210 temple street" (Complaint, p. 3).  Kyles allegedly ordered Plaintiff out of the court on "3-29-9" (Complaint, p. 6).  On "4-1-9" a Superior Court clerk in Courtroom 106 allegedly stated: "Courts [sic] didn't want any disturbance["] (Complaint, p. 6).

    The original Complaint alleged that Defendants should be required to serve five years in federal prison and to pay a fine (Complaint, pp. 2-4).  Plaintiff asserted that everyone involved in the alleged conspiracy against Spector "deserves 25 years to life with-out parole"

3

1    (Complaint, p. 4).  The original Complaint requested relief in the

2    form of an order dismissing the criminal proceeding against Spector

3    and releasing Spector from state custody (Complaint, p. 5).

4

5    II.   **The First Amended Complaint**

6

7       The First Amended Complaint is nearly unintelligible.  Plaintiff

8    alleges:

9

10        Preemption under supremacy clause.  Special prosecutor

11       William Stone violation of pre-condemnation activities of

12       Article III are tracable [sic] arising from His and Officer

13       Kyle [sic] invasion of Judicially cognizable interests which

14       is concrete & particularized & the connection between my

15       injury and there [sic] Conduct denial of access to the

16       Courts & Due Process and the Jurys [sic] decision is

17       traceable to this challenged action of defendants.

18       [citations].  plaintiff imploys [sic] to invoke this

19       Court['] authority to have case no. XCN BA255233[1] redressed

20       by requested relief qualitatively & distinct tracable [sic]

21       to challenged action. [citation].

22    ///

23    ///

24    _____

25       [1]   The Court takes judicial notice of the docket in <u>People</u>
<u>v. Spector</u>, California Court of Appeal, Second Judicial District,

26    case number B216425.  This Court of Appeal docket shows that the
Los Angeles County Superior Court case number in Phil Spector's

27    murder case was BA255233.  <u>See</u> <u>Mir v. Little Company of Mary</u>
<u>Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial

28    notice of court records).

1 (First Amended Complaint, pp. 1-2).  Plaintiff appears to allege that

2 the case will not be ripe until the state court rules on "related

3 issues," and Plaintiff contends that "medicating [sic] circumstances

4 exist" (First Amended Complaint, p. 2).  Plaintiff appears to request

5 an order granting a new trial for Phil Spector, and an order vacating

6 Spector's conviction and sentence on double jeopardy grounds, and/or

7 alleged insufficiency of evidence, and/or alleged prosecutorial

8 misconduct.

9

10     In his purported "Order for Grand Jury investigation, etc.,"

11 Plaintiff alleges that unidentified persons killed Spector in prison,

12 that Defendant Kyles and "special prosecuting attorney Allen Jackson"

13 allegedly have lied about Spector's supposed death, that Jackson

14 allegedly caused Defendant Kyles to "toss" Plaintiff out of a state

15 courtroom, that the state court judge and Allen Jackson allegedly

16 received $20,000, that unidentified persons assertedly framed Spector

17 to obtain Spector's fortune, that Defendants allegedly are in default,

18 and that Spector's home is "full of dead bodys [sic]."  Plaintiff

19 alleges: "The defendants owe me $2.5 million an[d] a life in prison

20 for there [sic] unlawful activities" ("Order re Grand Jury

21 Investigation, etc.," "Exhibit 3").

22

23                         **DISCUSSION**

24

25     As the Court previously advised Plaintiff, the Court lacks

26 jurisdiction to adjudicate Plaintiff's claims asserting the rights of

27

28

5

1   Phil Spector and seeking the invalidation of Spector's conviction.[2]

2   "Article III of the Constitution confines the jurisdiction of the

3   federal courts to actual Cases and Controversies, and . . . the

4   doctrine of standing serves to identify those disputes which are

5   appropriately resolved through the judicial process." Clinton v. City

6   of New York, 524 U.S. 417, 429-30 (1998) (citation, internal

7   quotations and footnote omitted). To show standing, Plaintiff must

8   allege, and prove, that he suffered "an injury in fact, -- a harm

9   suffered by the plaintiff that is concrete and actual or imminent, not

10  conjectural or hypothetical." Steel Co. v. Citizens for a Better

11  Environment, 523 U.S. 83, 102-03 (1998) (citation, footnote and

12  internal quotations omitted). "[T]he 'injury in fact' test requires

13  more than an injury to a cognizable interest. It requires that the

14  party seeking review be himself among the injured." Lujan v.

15  Defenders of Wildlife, 504 U.S. 555, 563 (1992) (citation and internal

16  quotations omitted). "No plaintiff has standing to complain simply

17  that their Government is violating the law." Cato v. United States,

18  70 F.3d 1103, 1109 (9th Cir. 1995) (citation and internal quotations

19  omitted). "No litigant in the federal courts may appear as a self

20  designated ombudsman for the rights of others." La Farque v. Supreme

21  Court of Louisiana, 634 F.2d 315, 315 (5th Cir.), cert. denied, 452

22  U.S. 939 (1981).

23

24      In the Memorandum and Order of October 21, 2009, the Court

25  advised Plaintiff that Plaintiff's conclusory allegations against

26  _____

27      [2]    Spector evidently is seeking to invalidate his
    conviction in an appeal currently pending before the California
28  Court of Appeal. See footnote 1, infra.

1    Defendant Kyles in the original Complaint were insufficient.  <u>See Ivey</u>

2    <u>v. Board of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir.

3    1982) (conclusory allegations insufficient to state claim for relief).

4    The First Amended Complaint wholly fails to clarify Plaintiff's

5    claims.  Rather, as demonstrated above, the pleading is nearly

6    unintelligible.

7

8        Furthermore, Plaintiff's claims, including but not limited to his

9    claims that unidentified persons purportedly killed Phil Spector in

10   prison and that Spector's house supposedly is full of dead bodies, are

11   so delusional and fanciful as to deprive the Court of jurisdiction.

12   "A paid complaint that is 'obviously frivolous' does not confer

13   subject matter jurisdiction [citation] . . . ."  <u>Franklin v. Murphy</u>,

14   745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citing <u>Hagans v. Lavine</u>, 415

15   U.S. 528, 536-37 (1974)); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319,

16   327 n.6 (1989); <u>Bell v. Hood</u>, 327 U.S. 678, 681-82 (1946); <u>Franklin v.</u>

17   <u>Oregon Welfare Div.</u>, 662 F.2d 1337, 1342-43 (9th Cir. 1981); <u>O'Brien</u>

18   <u>v. United States Dep't of Justice</u>, 927 F. Supp. 382, 384 (D. Ariz.

19   1995), <u>aff'd</u>, 76 F.3d 387, 1996 WL 29294 (9th Cir. 1996).  Dismissal

20   for lack of subject matter jurisdiction is proper when the federal

21   claim is "so insubstantial, implausible, foreclosed by prior decisions

22   of this Court, or otherwise completely devoid of merit as not to

23   involve a federal controversy."  <u>Steel Co. v. Citizens for a Better</u>

24   <u>Env't</u>, 523 U.S. at 89  (citations and internal quotations omitted).[3]

25   ///

26   _____

27       [3]    Dismissal for lack of subject matter jurisdiction may
     occur <u>sua</u> <u>sponte</u>, as well as in response to a motion to dismiss.
28   <u>Fiedler v. Clark</u>, 714 F.2d 77, 78 (9th Cir. 1983).

1  The Court previously advised Plaintiff of the deficiencies of his

2  pleading and afforded him the opportunity to amend.  However, the

3  First Amended Complaint replicates the deficiencies in the original

4  Complaint.  Simply put, Plaintiff may not use the vehicle of a federal

5  civil rights action to attempt to vindicate the alleged rights of Phil

6  Spector.  Additionally, Plaintiff asserts frivolous claims over which

7  the Court lacks jurisdiction.  In these circumstances, further

8  amendment would be futile.  <u>See</u> <u>Zucco Partners, LLC v. Digimarc Corp.</u>,

9  552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave

10  to amend where court advised plaintiff of pleading deficiencies but

11  plaintiff failed to correct those deficiencies in amended pleading);

12  <u>Simon v. Value Behavioral Health, Inc.</u>, 208 F.3d 1073, 1084 (9th Cir.

13  2000), <u>amended</u>, 234 F.3d 428 (9th Cir. 2000), <u>cert. denied</u>, 531 U.S.

14  1104 (2001), <u>overruled on other grounds</u>, <u>Odom v. Microsoft Corp.</u>, 486

15  F.3d 541 (9th Cir.), <u>cert. denied</u>, 552 U.S. 985 (2007) (affirming

16  dismissal without leave to amend where plaintiff failed to correct

17  deficiencies in complaint, where court had afforded plaintiff

18  opportunities to do so, and had discussed with plaintiff the

19  substantive problems with his claims); <u>Plumeau v. School District #40,</u>

20  <u>County of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave

21  to amend appropriate where further amendment would be futile).

22  Although Defendant Stone has not appeared in the action, the Court may

23  dismiss an action in favor of non-moving defendants "where such

24  defendants are in a position similar to that of moving defendants or

25  where claims against such defendants are integrally related."

26  <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir.), <u>cert.</u>

27  <u>denied</u>, 454 U.S. 895 (1981).  Therefore, the Court should dismiss the

28  First Amended Complaint without leave to amend as against all

1  Defendants, and should dismiss the entire action without prejudice.

2

3                              **RECOMMENDATION**

4

5       For the reasons discussed above, IT IS RECOMMENDED that the Court

6  issue an order: (1) approving and adopting this Report and

7  Recommendation; (2) dismissing the First Amended Complaint without

8  leave to amend as against all Defendants; and (3) dismissing the

9  entire action without prejudice.

10

11          DATED:   December 22, 2009.

12

13                              _____/S/_____

14                              CHARLES F. EICK
                                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.